UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK SHEPARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-02920-JRS-MPB |
| ) | |
| DUSHAN ZATECKY Warden, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Mark Shepard petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISR 19-10-0171. For the reasons explained in this Order, Mr. Shepard's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On October 15, 2019, Indiana Department of Correction (IDOC) Correctional Sergeant B. Lunsford wrote a Report of Conduct charging Mr. Shepard with possession of a cell phone, a violation of the IDOC's Adult Disciplinary Code offense A-121. The Report of Conduct states:

> On 10-15-19 at approx. 9:30 am. I Sgt B. Lunsford was conducting a pat search of offender Shephard 219769. While pat searching ofd Sherphard I Sgt B. Lunsford found a black and green cell phone in the right front pocket of ofd Shepard black gym shorts.

Dkt. 9-1.

Mr. Shepard was notified of the charge on October 22, 2019, when he received the Screening Report. Dkt. 9-3. He pled not guilty to the charge, and did not request witnesses or evidence. *Id.*

A hearing was held on October 23, 2019. Dkt. 9-5. Mr. Shepard's statement to the disciplinary hearing officer (DHO) was that when the officer "patted me down, he found a phone." *Id.* Mr. Shepard added, "The evidence card isn't right. They didn't sign for it when they received it. Improper chain of command. Who[']s to say they didn't switch phones." *Id.*

The DHO considered Mr. Shepard's statement, the conduct report, and photographs of the phone and found Mr. Shepard guilty. *Id.* The sanctions imposed included an earned-credit-time deprivation. *Id.*

Mr. Shepard appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 9-6 & 9-7. Both appeals were denied. *Id.* Mr. Shepard then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The Warden has filed his return and the disciplinary record. Dkt. 9. Mr. Shepard did not file a reply.

### C. Analysis

Mr. Shepard raises one issue in his habeas corpus petition – that there was no proper chain of custody of the evidence such that he could be found guilty of the offense. Dkt. 1 at 3. The chain of custody claim is based solely on the IDOC's failure to follow its own internal policies concerning the handling of evidence. *Id.* at 3-4.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, no habeas corpus relief can be granted on this basis.

As a final note, Mr. Shepard did not contest that a phone was found by Sergeant Lunsford during the pat down. *See* dkt. 9-5. Any conceivable error in the chain of custody was therefore harmless error. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (holding that harmless error analysis applies to due process violations in prison disciplinary habeas corpus cases).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Shepard to the relief he seeks. Accordingly, Mr. Shepard's petition for a writ of habeas corpus challenging prison disciplinary case number ISR 19-10-0171 is **denied** and this action is **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/2/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mark Shepard
219769
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

David Corey
Indiana Attorney General
david.corey@atg.in.gov

Abigail T. Rom
Indiana Attorney General
abby.rom@atg.in.gov